## AUGUST THIEL v. BULL'S FERRY LAND COMPANY.

1. If a tenant holding over after the expiration of his term be evicted by force by his landlord, an action of trespass is one of his legal remedies.
2. The statutes of this state vest in the person in peaceable possession of land a right to hold the property against a forcible entry, and for an invasion of such right suit can be brought.
3. In such cases the tenant can recover only nominal damages for the deprivation of the possession.

On rule to show cause.

Argued at June Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice GUMMERE.

For the plaintiff, *Collins & Corbin.*

*Contra, George L. Record.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This suit is founded on an alleged eviction by a landlord of his tenant.   The plaintiff, Thiel, held the premises under a written demise made by the defendant for a term of years, such instrument containing a provision that in case of a breach by the lessee of any of his covenants the lessor might re-enter.   On the allegation of certain breaches the company expelled the plaintiff, using violence to his person, though to the extent only that was necessary to effect his dispossession.

The damages claimed are those proceeding from two sources, to wit, by reason of the assault upon his person; and, second, his loss by reason of having been deprived of the use of the premises.

It will elucidate the view to be expressed on the question of law that is argued in the briefs of counsel, for me to state that the court has concluded that, on the uncontested facts, it is clear that the plaintiff, at the time of his expulsion, was unlawfully withholding the possession of the property from the defendant.   He had, in the plainest manner, forfeited his lease, by the violation of his covenant with respect to the number of men to be continually employed in the mines.   So manifest is this omission that it is not deemed necessary to exhibit the facts which have led the court to this conclusion.

Starting, then, from this premise, we approach the legal aspect of the case.

It is insisted on the part of the defence that by the clear weight of authority in this country and in England a land-lord, on the determination of a lease, is entitled to remove his tenant, using no unnecessary force.

That the defendant was guilty of a forcible entry and detainer is not denied, but it is insisted that, they being granted, the present action of trespass will not lie.   This view

of the defence is founded on the theory that, as at common law, when a man had a right of entry, he was permitted to enter with force and arms, the only remedy for such an eviction is that provided in the statute concerning forcible entries and detainers. At common law, while such dispossessions were indictable, no civil remedy existed against a person who, having the right, took possession of his own land by force; and the consequence has been that it has long been held by the English courts that since the act of parliament on the subject the only redress possessed by the person thus evicted is that prescribed in the act itself, and which is to cause himself to be restored to the possession in the method therein defined. Similar statutes in this country have received a similar construction. The view forming the *ratio decidendi* in these cases is that such statutes were not intended to confer any civil right upon the tort-feasor who was holding the land against the rightful owner. The decisions on the subject will be found fully collated in 3 *Wait Ac. & Def.*, *tit.* "*Forcible Entry and Detainer*," and under same title in 8 *Am. & Eng. Encyl. L.* 104.

There are some of the American courts that have maintained the opposite doctrine from that above expressed.

But it does not seem to me that it could serve any useful purpose to collate and criticise this line of cases, for they consist of constructions of statutes that are not, except in a general way, similar to our own. It is the statute of this state that is to be enforced, and which consequently needs alone to be expounded.

The single question is, does such statute confer a right on a person in the actual and peaceable possession of land to hold such possession against the owner having in law the right to possession?

This interrogatory must, I think, be answered in the affirmative—that the use of force on the part of the owner is made a wrong done to the person in possession seems to be a doctrine plainly written on the face of our act.

The first section contains an express prohibition against

any person entering upon lands except in a peaceable manner. This is a provision conferring a benefit on the possessor; it secures him against all danger of a dispossession by violence. The statute then provides for a violation of this prohibition, by prescribing a summary proceeding, in which if the possessor shall prove his peaceable possession and a forcible ouster he shall recover treble costs, and by force of a writ of restitution he shall become "reseized or repossessed" of the premises. This return of the property to him is a strong indication that as between the peaceable occupier of the land · and the owner in the attitude of a lawbreaker the right of possession, for the time being, is in the former; and such indication is forcibly accentuated by the additional directions that if the owner shall appeal the judgment he shall give bond, with sureties, conditioned that he shall prosecute the said *certiorari* in the Supreme Court, and if defeated shall pay the *yearly value of the premises in dispute* from the time of granting the said *certiorari*, &c. And as the complement of these adjustments we find in the statute giving to the owner the same summary remedy when he is unlawfully kept by force out of the possession of the land.

In view of the statutory arrangements it is deemed to be manifest that a person in the peaceable occupation of realty has an exemption against a forcible eviction vested in him by the law, and that an invasion of such right constitutes a wrong remediable by the ordinary action of trespass. He is not confined to the special redress defined in the statute.

The result is that the court is of the opinion that there was no error in the charge of the judge at the trial to the effect that the defendant was liable under the evidence, whether the lease under which the plaintiff was possessed was terminated or not, or whether the degree of force used was necessary or not.

This is in harmony with the view of the court already expressed.

But, touching the instruction to the jury on the subject of the damages to be awarded for the loss by the plaintiff of the

possession of the premises, we are unable to agree. It has been already stated that, in the opinion of the court, it was conclusively proved that the plaintiff was holding over without right, and it was therefore incumbent on the judge to instruct the jury that only nominal damages could be awarded for having been deprived of the possession of land to which he had no right.

On this account the judgment must be reversed, and a *venire de novo* must issue.