SPRAGUE NATIONAL BANK v. ERIE RAILROAD COMPANY.

Argued June 13, 1898—Decided November 7, 1898.

1. A plea of *liberum tenementum* to a declaration in trespass charging the defendant with forcibly expelling the plaintiff and its servants from lands of which they were in peaceable occupation, is bad under the authority of *Thiel* v. *Bulls Ferry Land Co.*, 29 *Vroom* 212.
2. A plea professing to answer the whole of a declaration and in substance legally answering only a part, is bad.

On demurrer to pleas.

Before Justices DIXON, LUDLOW and COLLINS.

For the plaintiff, *Willard P. Voorhees.*

For the defendant, *Cortlandt Parker, Jr.*

The opinion of the court was delivered by

DIXON, J.   In an action of trespass the plaintiff declared that the defendant with force and arms broke and entered a certain close of the plaintiff, and with force and arms broke and entered certain buildings of the plaintiff, erected on said close, and ejected, expelled, put out and amoved the plaintiff

and its servants from the possession, use, occupation and enjoyment of the said close and buildings.

To this declaration the defendant pleaded, first, the general issue; secondly, *liberum tenementum* in the defendant; and thirdly, *liberum tenementum* in E. B. T. as servant of whom and by whose command the defendant broke and entered, &c., and ejected, &c.

The plaintiff's demurrer to the second and third pleas is now to be considered.

In *Thiel* v. *Bulls Ferry Land Co.*, 29 *Vroom* 212, this court decided that the forcible eviction of a person in the peaceable occupation of realty, although perpetrated by the owner legally entitled to recover possession, was a wrong remediable by the ordinary action of trespass.

On this principle it is evident that these pleas set forth no justification for so much of the alleged trespasses as consisted in the forcible expulsion of the plaintiff and its servants.

The defendant urges that the pleas being good as to the breaking and entering, the forcible ejection and expulsion of the plaintiff and its servants should be deemed mere matter of aggravation, and therefore legally answered by the defence to the principal matter, and *Davison* v. *Wilson*, 11 *Q. B.* 890, is cited to support this contention. But in that case the personal tort was carefully excluded, both by the pleader and by the court, from the circumstances which were treated as mere aggravation. In Chitty's Forms (2 *Chit. Pl.* 863, 865), and in *Perry* v. *Fitzhowe*, 8 *Q. B.* 757, the forcible expulsion of persons is regarded as substantially distinct from the trespass upon the land. Such also is the clear import of *Thiel* v. *Bulls Ferry Land Co.*, *ubi supra.*

Consequently the pleas, having in form professed to answer the whole declaration and having in substance legally answered only part, are bad. *Grafflin* v. *Jackson*, 11 *Vroom* 440; *Newark* v. *Stout*, 23 *Id.* 35. They should have been limited in their commencement to the alleged trespasses upon the realty. *Flemming* v. *Hoboken*, 11 *Vroom* 270.

The plaintiff is entitled to judgment on the demurrer.