HARVEY H. MERSHON, PLAINTIFF IN ERROR, v. JOHN H. WILLIAMS ET AL., DEFENDANTS IN ERROR.

Argued November 18, 1898—Decided March 6, 1899.

1. When a demise of lands is made for the term of one year, with the privilege of four more years from a fixed date, the lessee has the option to extend the term for the additional period of four years, if he shall so elect, but not for a shorter period.
2. Such election may be made by the tenant, in lieu of other notice to the landlord, by holding over at the end of the first year and paying rent, and, when so exercised, such election will entitle and bind the lessee, for the whole of such additional term, without any express notice of his desire for the further term.
3. A notice given to the landlord by the lessee under such a demise, just before the expiration of the first year, that he will remain on the farm for the succeeding year, and work the same according to the lease, is not such an election as will extend the term, but the landlord may treat the notice as an election not to extend the term according to the lease, and may proceed at the end of the year to terminate the tenancy.
4. Where the lessee himself, under such a demise, fails to make any election on his own part to extend the term. but such a notice as the one last named is given to the landlord, by a substituted tenant of the lessee who entered under the lease and performed the covenants toward the lessor, without any apparent interference or control on the part of the lessee, such notice will operate in the manner before stated as fully as if given by the lessee himself.

5. Where a notice was given to the landlord of the character, and under the circumstances above recited, and thereupon the landlord broke and entered the dwelling-house in the temporary absence of the tenant and his family, and removed the tenant's goods into the public highway, the charge of the judge that the landlord and those with him had a right to take possession and remove the goods, at the time they did, provided they did so without committing a breach of the peace, and that their only liability in damages was for any unnecessary injury done to plaintiff's property in the removal, was sustained.

6. It was also held that the charge of the judge to the effect that there could be no recovery for injury to the goods by rain, was not erroneous in view of the fact appearing that plaintiff had a reasonable opportunity to place his goods under shelter before the rain began.

On error to the Supreme Court.

For the plaintiff in error, *John S. Voorhees.*

For the defendants in error, *Alan H. Strong.*

The opinion of the court was delivered by

HENDRICKSON, J.    The matter in controversy here grows out of a trial at the Middlesex Circuit of a claim for damages for the eviction of the plaintiff and the removal of his household goods by the defendants, from the farm and premises which he occupied as tenant, located in Howell township, Monmouth county, New Jersey, about one mile from the village of Farmingdale.

The farm had been occupied by the plaintiff for one year, which expired March 1st, 1893, and a dispute having arisen between the parties as to the further right of the plaintiff to occupy the farm, the defendant Williams, who was the landlord, treated the tenancy as having expired, and on April 29th following, taking his opportunity when the plaintiff and his family were away from home, forcibly entered and took possession of the house and removed the goods therefrom to the highway in front of the premises.

There are several exceptions which are relied upon by the plaintiff for a reversal of the judgment which was in his favor.

The exception upon which the controversy chiefly turns is that which questions the legality of the trial judge's charge to the jury, to the effect that under the evidence the defendant and those acting with him had a right to take possession of the premises described in the lease, and to remove the goods therefrom at the time they did, provided they did so without committing a breach of the peace.

The importance of this question is manifest, because the charge in this particular placed a narrow limit upon the damages that could be assessed by the jury against the defendants.

It is necessary to the solution of this question to look at the lease under which the demised premises were held, in the light of the facts, and see if the tenancy was at an end, so that the plaintiff was entitled to possession.

The lease was made by the defendant John H. Williams to John T. Mershon, the father of the plaintiff, and the latter took possession and farmed the place with the consent of his father. It was a lease upon shares. It bore date January 26th, 1892, and the term of the letting was "for one year from March 1st, 1892, with the privilege of four more years from March 1st, 1893."

Just prior to the termination of the first year of the letting the plaintiff delivered to the defendant Williams the following notice:

"*Mr. John H. Williams:*

"DEAR SIR—I hereby notify you that I will remain on the farm for the year 1893, and shall work the same according to our lease.

"Dated February 20th, 1893.

                    (Signed)          "H. H. MERSHON."

The plaintiff enclosed this notice, with a personal letter of his own, to defendant Williams, saying that he sent the notice by direction of his counselor, so there could be no question to arise on the subject.

The defendants insist that by giving this notice the plaintiff apprised the defendant landlord of his refusal to accept the option provided for in the lease, to continue as tenant thereunder for an additional term of four years, and that as a result the lease terminated on March 1st, 1893.

As I understand the argument of the plaintiff's counsel, he would not seriously dispute this contention if the notice had been given by John T. Mershon, the lessee, or with his express direction or assent.

It is, however, suggested by counsel that it would not be an unfair construction of the terms of this letting if it were held to mean that the lessee had the right to extend the term from year to year for four additional years, arguing that the language is somewhat ambiguous and therefore should be construed most strongly against the grantor.

But it seems clear to me that there is nothing ambiguous in the language used to express the terms of the letting.

The term is for one year from a specific date, with the privilege of four more years from the expiration of the first year.

If the word ".more" be eliminated from the language used, the effect would be to grant a term of one year, with an option to the lessee to continue the letting for an additional term of three years.

This is the uniform construction that has been given to such language by the courts, and no case has been cited to the contrary. 1 *Washb. Real Prop.* 471 and cases cited. The meaning is so clear and explicit in this particular that a construction that would give the lessee the option to extend the term for but one year only, or for but one year at a time, could not be entertained without doing violence to the plain words of the contract.

The use of the word " more " modifies the contract in only one particular, and that is, it gives the lessee the option of extending the term for four years additional instead of three.

If, then, the notice thus given by the plaintiff was binding upon the father, the original lessee, so far as the rights of the

landlord were concerned, then we may justly say, I think, that the lease was terminated at the end of the one year.

That the defendant landlord had the right to regard this notice as the notice of the lessee, or as binding upon him to the same extent as if it had been given by the lessee himself also seems to me to be quite clear. It is agreed on both sides, in this case, that there was no assignment of the term by the lessee and that the plaintiff was not a sub-lessee under his father. The lessee himself never entered upon the demised premises and took possession thereof under his lease. The entry under the lease was made by the son with the father's consent, and the son conducted the operations of the farm during the year and accounted to the landlord for his share of the crops and performed the other covenants of the lease without the slightest apparent interference or control on the part of the lessee.

The true relation of the lessee, and the occupant of demised premises under such circumstances, is thus characterized by the learned author in 1 *Tayl. Land & T.* (*8th ed.*) 176 : "And if another person enters into the possession of the demised premises by the tenant's consent, he will be considered, in respect of the landlord's rights, as substituted in the tenant's place, although he may disclaim all privity with the tenant."

It was urged by plaintiff's counsel that in a letting like this for one year, with the privilege or option of a further term, the lessee may exercise his option to extend the term by remaining in possession as effectively as by giving notice of his purpose to extend the term.

The weight of authority sustains that position, and, if no notice is stipulated for, the tenant's mere continuance in possession and paying rent, though with no express notice of his desire for the further term, entitles and binds him thereto. 1 *Tayl. Land. & T.* 332 ; *Clarke* v. *Merrill,* 51 *N. H.* 415 ; *Kramer* v. *Cook,* 7 *Gray* 550 ; *Kimball* v. *Cross,* 136 *Mass.* 300; *Delashman* v. *Berry,* 20 *Mich.* 292; *Darling* v. *Hoban,* 53 *Id.* 599 ; *Insurance Co.* v. *National Bank of Missouri,* 71

*Mo.* 58 ; *Holley* v. *Young,* 66 *Me.* 520 ; *Sweetser* v. *McKenney,* 65 *Id.* 225 ; *Montgomery* v. *Commissioners,* 76 *Ind.* 362 ; *Terstegge* v. *First German, &c., Society,* 92 *Id.* 82.

But the lessee himself, as before stated, never entered into possession of the leasehold, and could not, therefore, personally exercise his election to continue the term by holding over and remaining in possession, and the contention of the plaintiff necessarily is that the son, by remaining in possession after the expiration of the year, exercised this election to continue the term for his father, the lessee.

And I concur in this view, that the plaintiff, being thus substituted in the place of his father, the lessee, had the right to make this election for the extension of the term by remaining in possession ; but this being granted, it logically follows, I think, that he could also elect to terminate the lease, if he chose to do so.

This result is fairly deducible from the principle recognized by the authorities already cited and which also finds support in a number of decisions. *Bull* v. *Sibbs,* 8 *T. R.* 327 ; *Howard* v. *Ellis,* 4 *Sandf.* 369 ; *Benson* v. *Bolles,* 8 *Wend.* 175 ; *Bacon* v. *Brown,* 9 *Conn.* 334.

I conclude, therefore, that the plaintiff's term under said lease expired on March 1st, 1893, and that the judge's charge in so directing the jury was correct. The judge's further direction that the lease under review being at an end, the defendant landlord had a right to take possession and remove the goods, provided he did so without committing a breach of the peace, was in accord with the law of this state as laid down by this court more than forty years ago. *Todd* v. *Jackson,* 2 *Dutcher* 525. This decision was followed by the Supreme Court in setting aside the verdict in a previous trial of this cause. See memorandum filed by the court, November Term, 1894.

A decision of the same court, in *Thiel* v. *Bull's Ferry Land Co.,* 29 *Vroom* 212, without referring to the case of Todd *v.* Jackson, holds that in such case the tenant evicted would be

entitled to have an action of trespass and to recover therein nominal damages against the landlord.

But since the plaintiff in this case recovers substantial damages it is unnecessary to consider the question of his right to nominal damages.

It is further urged in support of this ruling that the matter is *res judicata* by virtue of a judgment of the Supreme Court in an action of ejectment brought before the trespass complained of, between Attie E. Williams and John H. Williams, her husband, plaintiffs, and the said John T. Mershon and Harvey H. Mershon, defendants, for the recovery of the demised premises, laying the right of possession as having accrued on March 1st, 1893.

This contention is resisted by the plaintiff upon the ground that the parties to the suits are different and that the issues therein are not identical.

Since the determination of this last point could not alter the result already reached, by the views above expressed it will not be necessary, I think, to determine the effect of the adjudication referred to.

The only other exception to the charge that was seriously pressed on the argument was that referring to the judge's instruction that he could not see how the plaintiff could recover for the goods getting wet, remarking that it was some time after they were put out and after plaintiff knew they were out before they got wet. The goods were removed from the house on Saturday afternoon and the plaintiff returned home the same night. There was no rain of any consequence until Monday night. Instead of the plaintiff moving his goods to a place of shelter on or before Monday he absented himself entirely on that day to attend to other business.

If plaintiff's goods were injured by the rain under these circumstances the result was caused by his own negligence and he must bear the loss. There was no error in this part of the charge. The other exceptions were not pressed at the argument, and finding no error in the record, my conclusion is that the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, BOGERT, NIXON, HENDRICKSON, ADAMS.  13.

*For reversal*—None.