KLEMENTINA BATURA ET AL., PLAINTIFFS IN ERROR, v.
THOMAS McBRIDE, DEFENDANT IN ERROR.

Submitted July 8, 1907—Decided November 18, 1907.

A contract to buy several houses was made between the parties, and
the plaintiffs afterward accepted a deed therefor.  The contract
and the deed recognized that a saloon in one of the houses was
rented, and the purchase was made subject to that lease.  In an
action to recover damages for a false representation as to the
amount of rent reserved on the lease of the saloon, there was
evidence from which a jury might infer that there was a repre-
sentation that the rent reserved was $35 a month; that the repre-
sentation was false because the rent reserved was only $25 a
month, and that the representation induced the contract and pur-
chase.  *Held*, that there was evidence to go to the jury as to the
value of the houses and lands purchased as they were in fact, and
as they would have been if the representation had been true, and
that it was error to direct a verdict for nominal damages.

On error to the Supreme Court.

For the plaintiffs in error, *John J. Stamler* and *Samuel
Koestler.*

For the defendant in error, *William D. Wolfskeil.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR.  The judgment brought into review
by this writ of error was entered in the Supreme Court upon
a *postea.*  The issue was tried before a judge of the Circuit
Court, by direction of a justice of the Supreme Court.  At
the close of the evidence the trial judge directed a verdict in
favor of the plaintiffs below (who are the plaintiffs in error)
for nominal damages.

A reversal of the judgment is sought upon various assign-
ments of error, founded upon exceptions duly taken at the
trial.  Many of the exceptions are to the admission of evi-
dence and the rejection of evidence offered.  Such of them as
seem to have any force present practically the same question

that is presented by the exception taken to the direction of a verdict for nominal damages. As that exception is deemed to indicate reversible error, it seems unnecessary to deal with any of the questions otherwise presented.

The purpose of the action was to recover from the defendant below (who is the defendant in error) damages for a false and fraudulent representation which induced the plaintiffs to purchase from him a number of houses and lots for the price of $16,000. The alleged representation related to the rental of said houses, which was being received at the time by defendant in error. There was proof from which the jury might find that the representation was that the properties were rented and producing a rental of $142 a month, and that such representation was false, because they were in fact producing only $132.

That this representation was made, and was influential in producing a contract of purchase, and that it was untrue, must have been found by the trial judge. His direction for a verdict for a nominal sum was based on the lack of evidence, in his view, of what the damage which resulted to plaintiffs in error was. He held that there was no evidence on which the jury might estimate the damages, and therefore directed a verdict for nominal damages.

It appears from the bills of exception that the discrepancy between the rents received by defendant in error at the time of the representation and the rents which he represented he received arose from the fact that a saloon, occupied in one of the buildings conveyed, had been previously leased by defendant in error to a brewing company. The contract of purchase recognized the existence of the letting, and the deed of conveyance was made subject to the lease. The lease demised the saloon to the company for the term of five years, with the privilege of an additional term of five years, from the first day of April, 1900, for the yearly rental of $300, payable monthly.

The trial judge interpreted this lease as incapable of enforcement after the expiration of the first term of five years on the ground that, as far as it related to the second period of five years, it was unenforceable unless a new lease was

made, so as to satisfy the provision of the statute of frauds
which renders invalid leases without writing for a period of
over three years.

In this the learned judge fell into error. It has long been
settled that where a demise in writing extends over a fixed
period, with a provision for its continuance over another fixed
period, at a rental fixed, the right of the tenant continues
after the determination of the first period, if he elects, and
such election will be indicated by his continuing in possession
and paying the rent. Such additional term is not a new
demise, but a continuation of the old one. This is the recog-
nized doctrine of the text-writers, and our Court of Errors
and Appeals has made that doctrine the ground of its decision
in a case involving the question of such a lease. *Wood L. &
T.* 675, 678; *Tayl. L. & T.*, § 332; *Mershon v. Williams*, 33
*Vroom* 779.

The lease was produced and proved, and it thereby ap-
peared that the tenant of the saloon was entitled to possession
for so much of the existing term as had not elapsed when
the representations were made and the properties purchased.
Precisely the length of time during which the tenant had a
right to the possession of the property at the fixed rent does
not appear, but it was clearly indicated that it was about four
years. During that period the terms of the lease, with respect
to the amount of rent, were effective, and therefore the tenant
was obliged to pay only $25 a month. The representation,
therefore, was false, and might be presumed to be knowingly
false, and also to have an influence in producing the purchase.

As the proof established that the purchaser obtained a
property carrying a rental less than that represented, by the
amount of $10 a month, for a period of about four years, we
think that there was evidence to be submitted to a jury as to
the diminished value of the property which had been pur-
chased upon such a representation. The measure of damages
in such cases is the difference between the real value of the
property purchased and the value which that property would
have had if the representations had been true. The estate
which the purchaser acquired was a reversion, with the land-

lord's right over the rented property, for the period the lease ran. That included the right to the rents. If the representation had been true the rents would have been $10 more per month than they actually were. The value of this excess for the term of the lease gave a measure to fix plaintiffs' damages.

It results that we find that it was error to limit the jury to nominal damages. In consequence the judgment must be reversed for a *venire de novo*.

*For affirmance*—None.

*For reversal*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 14.