MARIA VACCA CIFELLI, APPELLEE, v. BASILIO SANTA-MARIA, IMPLEADED, APPELLANT.

Submitted December 3, 1909—Decided February 21, 1910.

1. When a demise is for a fixed term with privilege to the tenant of a renewal, one who has entered the demised premises with the tenant's consent, and is thereby substituted in the tenant's place, may exercise the renewal privilege, but must do so in the name of the original tenant and cannot claim a renewal in his own name.

2. A sublessee is not entitled as such to take advantage of a renewal privilege given to the original lessee.

On appeal from the District Court.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the appellant, *Philip J. Schotland.*

For the appellee, *Charles M. Mason.*

The opinion of the court was delivered by

PARKER, J. This is an appeal from a District Court. The action was in trespass *quare clausum fregit.* The state of the case, as settled by the judge, shows that plaintiff, through her husband as her agent, demised certain premises in Newark to Felix Saldutti and Antonio Santamaria. The lease was in writing, and was for a term of three years and nine months from June 1st, 1905, "with the privilege of renewal for a further three years." The rent was payable monthly, in advance; and the lease contained an agreement by lessees that they would not relet or underlet the whole or any part of the premises nor assign the lease. During the term the lessees sublet the entire premises to the defendant, Basilio Santamaria, who went into possession and occupied the same for the remainder of the term, paying rent for the last fourteen months to plaintiff's husband, though neither plaintiff nor her husband consented to the subletting. Plaintiff was requested to renew the lease in favor of Basilio Santamaria, but refused to do so. He held over after the expiration of the original term, tendered rent to plaintiff, which was refused, and no further rent accepted by her. On the day the term expired he was served with a written notice to quit on April 1st, signed by plaintiff's husband. The District Court held defendant, Basilio Santamaria, liable as a trespasser and gave judgment for $15 damages against him, entering a nonsuit as to Saldutti, who held no possession after the expiration of the term. The case therefore stands as a suit against appellant, Basilio Santamaria, alone.

Appellant's first point is that his holding over operated to extend the term for the renewal period, citing *Mershon* v.

*Williams, 33 Vroom* 779. But the distinction between that case and the one at bar is that in *Mershon v.* Williams it was conceded that the occupant was neither a subtenant nor an assignee of the term, and the case cited goes no farther than to hold that he might have exercised the option of renewal in favor of the tenant named in the original lease. In the present case the appellant desired a renewal in his own name, and this plaintiff was under no obligation to grant.

Nor was appellant entitled as a subtenant to a renewal of the lease. He had no privity with the landlord, is not liable on the tenant's covenants, and cannot take advantage of the landlord's covenants with the lessee. *Tayl. L. & T.,* § 448; 24 *Cyc.* 986; 18 *Am. & Eng. Encycl. L. (2d ed.)* 683; Chief Justice Beasley, *arguendo,* in *Field v. Mills,* 4 *Vroom* 254, 258. So while a lawful assignee of the lease may exercise his assignor's option of renewal, I find no authority holding that this option may be exercised by an under tenant as such (18 *Am. & Eng. Encycl. L. (2d ed.)* 693; 24 *Cyc.* 997, 998), and am quite clear that no such right exists. Hence, even if it be considered that the acceptance of rent directly from the appellant as subtenant, and notice to quit served on him, amounted to a recognition of his subtenancy, such recognition did not give him the rights of the original tenant to a renewal. It cannot be said that the one month's notice to quit served on March 1st, 1909, and signed by plaintiff's husband, was anything but nugatory. If her right to possession was fixed on that date, it was not lost by a mistaken understanding of the legal situation even if the husband's authority to serve the notice be conceded and it be construed as referring to the wife's ownership of the property.

If appellant be considered as a substitute for the original lessees, he lost the right to a renewal by demanding it in his own name instead of in that of the lessees; if, on the other hand, he be regarded as a subtenant, he had no right as such to any renewal. The result is that he held over as a trespasser and was liable as such.

The judgment should accordingly be affirmed.