MARGARET TOTTEN v. HARRY DREIER.

Submitted December 3, 1909—Decided March 14, 1910.

1. The plea of *liberum tenementum* does not justify the commission of a trespass against a tenant which is alleged to have been committed "with force and arms and with strong hand."
2. Trespass to plaintiff's personalty and to his person may not be justified by proceedings in executing a judgment obtained by the defendant against a third party.

---

On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff, *Winfield S. Angleman.*

For the defendant, *Frank E. Bradner.*

The opinion of the court was delivered by

VOORHEES, J. These are demurrers to the second, third and fourth pleas. The action is trespass. The declaration contains three counts: The first is *quare clausum fregit,* alleging an entry into premises held by plaintiff under a lease "with force and arms and with strong hand." The second count is trespass *de bonis asportis;* and the third is assault upon the plaintiff. The second plea is to the first count and

is *liberum tenementum.* The ground of demurrer to it is that the allegation of ownership in the defendant is no answer to a claim for damages for the forcible dispossession of a tenant in possession under a term of years.

The third plea is to the second count, and sets up that on June 11th, 1909, in the Union County Circuit, the defendant recovered against one Bacon a judgment in ejectment, and execution issued directing the sheriff to put the defendant in possession of the lands; that the plaintiff's goods and chattels mentioned in the second count were upon the lands, and the sheriff, by virtue of the writ, removed the goods and chattels from the land. The ground of demurrer is that this plea does not justify the whole count in the declaration, but, at best, only the removal of the goods and not the disposing of them to the defendant's use, and that a judgment in eject-ment by the defendant against a third person is no justifica-tion for taking away the goods of the plaintiff.

The fourth plea is to the third count, and sets up the same judgment in ejectment and the proceedings thereunder, whereupon the plaintiff refused to deliver the possession to the sheriff who removed the plaintiff from the lands, using only as much force as was necessary. The ground of de-murrer to this plea is that the legality of the plaintiff's pos-session is not denied, and that proceedings, under a judgment by the defendant against a third person, does not afford jus-tification for an assault upon the plaintiff in possession of the premises.

The plea of *liberum tenementum* formed an exception to the general rule that a party must show a precise title. 1 *Chit. Pl.* 503; *Tyler's Steph. Pl.* 297. One of the objects to be obtained by its use was to compel the plaintiff to reply, set-ting out his title specially. This plea therefore was un-doubtedly good if the declaration had been of the ordinary form and had not set out a leasehold in the plaintiff. As that allegation is not coupled with one that the defendant is the lessor, the plea must still be regarded as applicable, for though the defendant's possession was under a lease generally, title in the plaintiff would put that fact in issue. Upon the

ground of demurrer relied upon, we think, however, that the plea does not justify the commission of the trespass against a tenant which is alleged to have been committed "with force and arms and with strong hand." *Sprague National Bank* v. *Erie Railroad Co.,* 33 *Vroom* 474; *Thiel* v. *Bull's Ferry Land Co.,* 29 *Id.* 212. The demurrer as to this plea must therefore be sustained.

Trespass to plaintiff's personalty and to his person may not be justified by proceeding in executing a judgment obtained by the defendant against a third party.

The demurrers must be sustained, with costs.