## HURLEY-TOBIN COMPANY

*v.*

## COURTLAND Y. WHITE.

[Submitted May 5th, 1914. Determined July 3d, 1914.]

1. The complainant became tenant to the defendant of a certain brick store and the land whereon it was erected, upon the terms contained in a written lease (which had been extended), and the substituted agreement endorsed thereon, signed by the defendant and the lessee, whereby the complainant was substituted as tenant in the place of the lessee. By the terms of the original lease as extended the lessee was granted an option to renew for an additional term, and also an option to purchase. In the substituted agreement no specific reference is made to the option to purchase, but the language used is that the defendant agrees and consents to recognize the complainant in the place of the lessee "under this agreement and agrees to renew this agreement. upon request for another period of six (6) years on December 1st, 1907."— *Held*, first, that the option "to renew this agreement upon request" must be deemed to relate alike to an extension of the term and option of purchase for the period named; and secondly, that upon the evidence the complainant was entitled to a decree of specific performance of the contract for the conveyance of the premises, although at the expiration of the term, December 1st, 1907, no formal request was made by the complainant for the extension of the term, inasmuch as complainant continued to occupy the premises and to pay rent therefor until the end of the six (6) years' period named in the substituted agreement, when it exercised its option of purchase and tendered the purchase price.

2. In the absence of any provision of the agreement specifying the form and manner of request contemplated, any words or conduct of the tenant which reasonably apprised the landlord of the tenant's desire or determination to enjoy the additional term should· be regarded as fully satisfying the stipulation.

On final hearing on bill for specific performance.

*Mr. Peter Backes,* for the complainant.

*Messrs. Wescott & Weaver,* for the defendant.

LEAMING, V. C.

The bill is filed for the specific performance of a contract for the conveyance of real estate. The contract is embodied in a certain lease and endorsements thereon wherein defendant, owner of the real estate, extends to complainant, his tenant, an option of purchase.

The lease was made September 21st, 1899, by Courtland Y. White, defendant herein, and one George M. Williamson, and demised to Williamson certain land in Trenton, New Jersey, on which there was a four-story brick store for the term of three years from December 1st, 1899, at the yearly rental of $1,500, payable in monthly payments of $125 at the end of each month. The lease also contained a clause wherein the landlord extended to the tenant the option to occupy the premises for an additional term of five years at the same rent if the tenant should so elect at the expiration of the three years, and also contained the following provisions:

"It is also further agreed by the said party of the first part for himself, his heirs, executors, or administrators that at any time during said term or terms the said party of the second part may purchase if he so desires purchase (*sic*) the above-described premises for the sum of $25,000."

The tenant having availed himself of the second term named in the lease the period of tenancy was thus made to extend to December 1st, 1907, with an option of purchase extending to that date.

February 2d, 1906, the following agreement was entered into between the landlord and William L. Hurley, and endorsed on the lease:

"February 2d, 1906.—I hereby agree and consent to recognize William L. Hurley, his executors, administrators or assigns, or the 'Hurley-Tobin Co.' about to be incorporated in the place of George M. Williamson under this agreement, and agree to renew this agreement, upon request, for another period of six (6) years on December 1st, 1907, all rent to be payable to Samuel W. Foster, agent, 111 East State street, Trenton, N. J., it being agreed that all permanent improvements such as the moving of the stairway, the installation of a new elevator and a new heating system shall be made by the lessee at his expense and be left in the building.

"HORACE F. NIXON.          COURTLAND Y. WHITE.   (Seal.)
"SAMUEL W. FOSTER.          WILLIAM L. HURLEY.    (Seal.)"

At the time this agreement was made Hurley had purchased from the tenant in behalf of complainant, a corporation then being formed, the business which was then being conducted in the demised premises, and the agreement above quoted was endorsed on the copy of the lease held by the landlord and also on the copy of the lease which had been delivered by the tenant to Hurley, and both agreements, so endorsed, were executed by the landlord and Hurley.

It will be observed that this agreement contemplated an unexpired term of twenty-two months of the second term named in the Williamson lease, and an additional term of six years in the event of the new tenant exercising the right to that extended term. No specific reference is made to the option of purchase, but the language used is that the landlord agrees and consents to recognize Hurley-Tobin Company in the place of Williamson under "this agreement," and agrees to renew "this agreement," upon request, for another period of six years on December 1st, 1907. The agreement which is thus referred to under which a new tenant is to be recognized "in the place of" the old one, embodies not only an unexpired term but also an option of purchase in behalf of the tenant, and as no part of the "agreement" is specifically referred to, it is impossible to conclude that the term alone and not the option of purchase was intended; and, in like manner, the option "to renew this agreement, upon request," must be held to relate alike to an extension of the term and option of purchase for the period named. The subsequent conduct of the respective parties also reasonably discloses that such was their mutual understanding of the new agreement.

The present controversy arises from the circumstance that at the time of the expiration of the term (December 1st, 1907) no formal request was made by complainant for the extension of the term. This raises the question as to what force is to be given to the words "upon request" in that part of the agreement in which defendant agrees "to renew this agreement, upon request, for another period of six (6) years on December 1st, 1907."

The testimony establishes the following facts: During the twenty-two months of the unexpired term named in the old lease complainant corporation conducted in the demised prem-

ises the business which it had purchased from the old tenant and made permanent improvements to the building to the amount of $4,600. At the end of that period no formal request was made of the landlord to renew the agreement for the additional term, but possession of the demised premises was retained and the business activities therein continued without interruption or change. The reason no formal request was made for the new term was obviously because no one connected with the corporation realized that such a notice or request might be necessary and possession was undoubtedly retained by the corporation as an exercise of the option given by the agreement. Under the new term the first month's rent fell due January 1st, 1908; that being a legal holiday, a check was mailed to the Trenton agent of the landlord January 2d, 1908, for the preceding month's rent, pursuant to the custom that had theretofore uniformly obtained in paying rent, the agreement providing for payment of rent to that agent and all prior payments having been made by checks mailed to him at the end of each month for the preceding month's rent. About that time Mr. Hurley, president of complainant, discovered that a formal "request" might be necessary for an extension of the term and option of purchase; he accordingly took complainant's copy of the lease to his attorney, who endorsed on it a formal extension, and on January 3d, 1908, Mr. Hurley took the lease to defendant in Philadelphia to get his signature to the endorsement which had been made on the lease for that purpose. Defendant informed Mr. Hurley that he would do nothing until he saw his agent, and Mr. Hurley left his copy of the lease in defendant's possession. Defendant subsequently went to Trenton and saw his agent and then concluded not to sign the extension which complainant's attorney had written on the back of complainant's copy of the lease, and then defendant and his agent together went to the place of business of complainant and returned complainant's copy of the lease to some person there whom defendant and the agent say was Mr. Tobin, defendant stating to that person that he would not sign it, and that he did not care to sell the property. This visit of Mr. Hurley to defendant in Philadelphia, and the subsequent visit of defendant and his agent to complainant's store,

are stated by defendant and his agent to have been in December, 1907, but the testimony of Mr. Nixon, and a pencil endorsement of the agent, fully establish that the visit of Hurley to defendant in Philadelphia was January 3d, 1908, and the visit of defendant and his agent to the store was necessarily thereafter. Mr. Tobin denies the interview at the store. Defendant and his agent were undoubtedly there, for complainant's copy of the lease was left there, and I am unable to doubt their testimony of the visit. Their conversation may have been with a clerk whom they mistook for Mr. Tobin, or Mr. Tobin may not recall the interview.

Thereafter, complainant continued to occupy the demised premises and to pay rent monthly until the end of the six years named in the agreement; at that time complainant exercised its option of purchase and tendered the purchase price.

During the last year of complainant's possession it made permanent repairs to the building to a further amount of about $1,400.

The right of complainant to require a conveyance is necessarily dependent upon its having complied with the requirements of the agreement of February 2d, 1906.

As already pointed out, that agreement contemplates an extension of the term and option of purchase for a period of six years from December 1st, 1907, but also contemplates a "request" upon the part of complainant for such extension at the end of the term which was current at the time the extension agreement was signed. No form of request is specifically stated, the language used being simply "upon request." In entering upon the extended term complainant undoubtedly intended to avail itself of the option given it by the agreement. If, by holding over and paying rent for the first month of the new term, complainant by its conduct made a request for the benefits of the agreement within the spirit of that agreement, then complainant became thereby bound to defendant for the new term and in like manner acquired the rights of a tenant for that period with an option of purchase extending to the end of that period.

I think it unnecessary to attempt a review of the adjudicated

cases which give consideration to the adequacy of notice by a tenant of his election to accept an extended term under an option for that purpose. The adjudications are numerous and not wholly harmonious and are reviewed at great length by all text-writers on the subject. There will be found in the adjudicated cases a distinction between an option given to a tenant for an extended term without any provision for notice of election by the tenant and a stipulation giving to the tenant such an option upon a specified notice of its acceptance being given by the tenant to the landlord; in the former case the election of the tenant is held to be sufficiently indicated by his conduct in holding over and paying rent; in the latter case the stipulated notice is sometimes deemed requisite to an election by the tenant to accept the new term. In the present case, as already pointed out, no specific notice ·is stipulated; the agreement contemplated only a request for the additional term without specifying how that request should be manifested. If that request has been sufficiently manifested by holding over and paying rent, the tenant has clearly exercised his election within the purview of the agreement. In the absence of any provision of the agreement specifying the form or manner of request contemplated any words or conduct of the tenant which reasonably apprised the landlord of the tenant's desire or determination to enjoy the additional term should be regarded as fully satisfying the stipulation. In *Balura* v. *McBride, 75 N. J. Law 480, 482,* our court of errors and appeals hold that an election to accept an option for an additional term is indicated by the tenant continuing in possession and paying the rent. That was also the basis of the decision of the same court in *Mershon* v. *Williams, 62 N. J. Law 779, 783.* It is there stated that "if no notice is stipulated for, the tenant's mere continuance in possession and paying rent, though with no express notice of his desire for the ·future term, entitles and binds him thereto." The adjudication of an election upon the part of the tenant in such case to avail himself of the option is necessarily based upon the circumstance that the conduct of the . tenant in holding over and paying rent adequately apprises the landlord of his wish and purpose. Had the agreement here in

question provided that a written notice should be given by the tenant of his election to accept the new term, the failure of the tenant to give such notice might well be operative as a bar to the exercise of the option, but I am unable to give to the word "request," as contained in the agreement, a force or purpose that is not fully met and satisfied by conduct of the tenant which as clearly indicated a determination on its part to avail himself of the option as a formal notice to that effect would have done. Indeed, to give literal force to the language of the agreement, a formal notice of election would have been of no avail unless framed in the form of a request.

I will advise a decree of specific performance pursuant to the prayer of the bill.