FELIKS DRAGUN, PROSECUTOR, v. JOHN R. CONNOLLY, JUDGE, AND ROBERT T. SKINNER, CLERK OF THE DISTRICT COURT OF THE CITY OF PLAINFIELD, EDWARD DOOLING, WILLIAM DOOLING, JOHN DOOLING AND DENNIS DOOLING, DEFENDANTS.

Submitted March 13, 1924.

**Landlord and Tenant—Dispossession for Disorderly Conduct—Rights of Tenant Under Statute—Tenure Letting and Monthly Payments.**

On *certiorari.*

Before Justices KALISCH, KATZENBACH and LLOYD.

For the prosecutor, *Arthur B. Seymour.*

For the defendants, *Joseph F. S. Fitzpatrick.*

PER CURIAM.

This case comes before us on *certiorari* directed to the District Court of the city of Plainfield, and involves the right of the owner of premises situated in Plainfield to recover possession of the property for disorderly conduct in the tenant. The facts were that the Doolings, being the owners of the premises at the northeast corner of Walnut street and North avenue, in the borough of Garwood, in Union county, leased them to Feliks Dragun, the prosecutor of this writ, for a term of three months, from August 1st, 1923. At the expiration of the term Dragun remained in possession and paid rent for the month of November in the amount stipulated in the lease for a monthly rental. The action to dispossess the tenant was instituted on the 28th day of December, 1823, and was based upon an allegation of disorderly conduct in the premises by the tenant. The statute upon which the suit was brought is the act of 1884, page 178, as amended by the act of 1888, page 426. This act provides in its essential parts as follows:

"That in any letting where no definite term is agreed upon and the rent is payable monthly, so long as the tenant pay the rent as agreed, it shall be unlawful for the landlord to dispossess the tenant before the 1st day of April succeeding the commencement of such letting, without giving the tenant three months' notice in writing to quit; *provided, however, that in case any such tenant shall be so disorderly as to disturb the peace and quiet of the other tenants living in the neighborhood, or shall willfully destroy, damage or injure the premises,* or shall constantly violate the said landlord's rules and regulations governing said premises, and a copy of which regulations the said landlord has caused to be conspicuously posted on said premises; in any such case the landlord may cause a written notice of the termination of such tenancy to be served upon said tenant and a demand that said tenant remove from the premises so occupied by him within three days from the service of such notice, and in case said tenant shall not remove it shall be lawful for the said landlord or his agent, after the expiration of said three days, to make and file with any justice of the peace an affidavit setting forth either or any of the causes for removal as above set forth and of service of such notice, and thereupon it shall be lawful for such justice to issue his summons in ejectment such as now provided under an act entitled 'An act concerning landlords and tenants holding over after the expiration of his term, and on proof before said justice, on the return of said summons, of any one of the causes for removal aforesaid, it shall be lawful for the said landlord to issue his warrant for such removal and take such other proceedings as is now provided by law for the summary removal of tenants.' "

It will be observed that the right of the landlord to dispossess the tenant is dependent upon the term being indefinite in its duration, the language of the statute being "where no definite term is agreed upon and the rent is payable monthly." In this case there was first a definite term of three months, and the rent was payable monthly. The landlord had the option to demand the possession at the end of the term or, as he did in this case, continue the relation

of landlord and tenant by accepting the rent for another month. There was therefore, within the terms of the statute, a rent payable monthly, but was the tenancy created by the acceptance of the rent for an indefinite term? We think the law is settled that it was not. On the contrary, it renewed the tenancy for another term. When the tenancy expired at the end of the term it was the right of the landlord to the possession of the property, and upon the failure of the tenant to surrender the same he could regard him as a trespasser and assert rights against him as such. On the other hand, he could waive the holding over and renew the tenancy either by formal language to that effect or by acts effecting the same result. By acceptance of the rent the landlord assumed the valid holding of the tenant and created a new tenancy. By operation of law this became a tenancy for a new term, but it could not become such without the implied agreement of the parties. An agreement such as contemplated by the statute may be express or by implication. In this case it was by implication, and therefore a term created by the acts and agreement of the parties. The rental, it is true, is at a monthly rate, and therefore thus far within the requirements of the statute, but the term is not indefinite. On the contrary, it was for a definite period, and that through the agreement of the parties as implied from the payment of rent on the one side and acceptance by the other.

An attempt was made to sustain the proceedings in the court below upon evidence alleged to have been introduced at the trial tending to show that the landlord had refused a new lease, but agreed with the wife of the tenant to permit her to remain in the premises until the tenant himself should return from Europe, and under this agreement accepted the rent for the month of November. We have no record of this testimony, and if we had it would not have the effect contended for. It would be at variance with the jurisdictional facts set forth in the case, upon which alone we must rely in order to accord jurisdiction in the trial court to hear the case.

The result we reach is that the judgment must be reversed.