MORRIS STRAUS, PLAINTIFF-APPELLEE, v. LEWIS ROBBIN, DEFENDANT-APPELLANT.

Argued January term, 1926—Decided July 2, 1926.

Landlord and Tenant—Notice by Tenant—Defendant Leased Premises With Privilege of Renewal Upon Notice—No Notice was Given, but Tenant Remained for Several Years, Then Leaving During a Year—Judgment for Landlord Sustained —General Rule is, Where Lease Gives Option of Removal, Without Requirement of Notice, and Lessee Holds Over, Presumption is That Tenant Elected to Renew, and This Rule Applies in Case of Notice, Since Notice is for Benefit of Lessor and may be Waived.

Before Justices PARKER, MINTURN and BLACK.

For the defendant-appellant, *Fred Herrigel.*

For the plaintiff-appellee, *Charles Hood.*

PER CURIAM.

This action was tried in the First District Court of Newark without a jury, and judgment was rendered for the plaintiff for $260.

By a written lease the plaintiff let to the defendant certain premises in the city of Newark for a term of nine months, commencing January 1st, 1920, and ending October 1st, 1920, with a provision that the defendant might have one annual renewal of the lease at the same rent, providing that written notice be given by the tenant to the landlord of

his desire before August 1st. No written or other notice was given by the tenant to the landlord, but the tenant remained in possession, and continued to pay rent until November 1st, 1924, when he abandoned the premises. The premises remained unrented, and the landlord brought this action to recover rent for the months of December, 1924, January, February and March, 1925, with the result stated.

The defendant-tenant contends that his mere holding over and paying rent, without giving notice of an option to renew, did not constitute an election to renew the lease.

The general rule is that where a lease gives the lessee an option of renewal at the expiration of the term agreed upon in the lease, without any requirement of notice of his election to renew, and the lessee holds over after the expiration of the term, the presumption exists that the tenant has elected to renew the lease in accordance with the terms of the option.

This general rule applies, although the lease contains a provision that notice shall be given in case the lessee desires to exercise his option, since while the option is for the benefit of the lessee, the notice is for the benefit of the lessor, and may by him be waived. *Murtland* v. *English* (*Pa.*), 6 *Anno. Cas.* 342; *Grant* v. *Collins* (*Ky.*), *Anno. Cas.* 1915*d* 249.

To hold otherwise would be, in effect, to make a new contract for the parties, and would be tantamount to holding that when a lessor inserts a provision in the lease for his benefit, a reciprocal provision for the benefit of the tenant may be implied, although not expressed, and so the rule has been declared that "even though the requirement of notice is for the protection of the lessee, it may be waived by his act in continuing in possession after the term." *Long* v. *Stafford*, 103 *N. Y.* 274; 8 *N. E. Rep.* 522.

In this state this court declared that such a tenancy was in legal effect a tenancy from year to year. *Yetter* v. *King Co.*, 66 *N. J. L.* 491.

The result is that the judgment will be affirmed.