EMMA G. WALLWORTH, PLAINTIFF, v. FRANK T. JOHNSON, DEFENDANT.

Decided October 23, 1947.

For the plaintiff, *Grover C. Richman.*

For the defendant, *Ephraim Tomlinson, 2d.*

PROCTOR, S. C. C. This is a motion by the plaintiff to strike the answer filed by the defendant to an action in ejectment.

The answer denies plaintiff's right to possession of the premises in question and also sets up two defenses, the first being that the controversy involved in the present action was adjudicated in the Camden City District Court wherein judgment was entered on June 26th, 1947, in favor of the defendant. The second defense is that by the terms of a lease entered into by the parties and the renewal thereof the defendant is entitled to possession until June 1st, 1948.

It appears that the plaintiff leased the premises to the defendant for a term of two years, commencing June 1st, 1944, at a yearly rental of $720 to be paid in monthly installments of $60 in advance. The lease contained the following provision:

"It is also understood and agreed that the expiration of this lease, the party of the second part has the privilege of renewing this lease for a period of two (2) more years, at a rental that is agreeable to both the party of the first part and the party of the second part."

The defendant entered into possession of the premises under the terms of the lease on or about June 1st, 1944, and has continued in possession until the present time.

It will be seen that the lease (without the renewal or extension) expired May 31st, 1946. The defendant continued to pay the rent called for under the lease to the plaintiff from that date up until June 1st, 1947. It also appears from the affidavit of the defendant that he has tendered checks on June 1st, 1947, and July 1st, 1947, to the plaintiff which is not denied.

Plaintiff moves to strike the answer as sham and also moves to strike the first and second defenses as frivolous and insufficient in law in that said defenses do not comply with rule 185 of the Supreme Court, *N. J. S. A. Tit.* 2.

The first defense of *res judicata* is frivolous and should be struck. In a landlord and tenant suit the disposition by the District Court creates no estoppel by judgment against the landlord. *Sbrolla* v. *Hess,* 133 *N. J. L.* 71; 42 *Atl. Rep.* (2d) 569. The District Court judgment is not *res judicata. Van Vlaanderen Machine Co.* v. *Fox,* 95 *N. J. L.* 40; 111 *Atl. Rep.* 687; *Kietrys* v. *Cregar,* 23 *N. J. Mis. R.* 273, 276; 43 *Atl. Rep.* (2d) 810.

The question to be decided is whether or not the plaintiff (landlord) is deemed to have assented to a renewal of the lease by reason of the defendant (tenant) holding over at the expiration of the original term and the payment by the tenant to the landlord of the rent called for under the terms of the original lease. It seems to be settled in New Jersey that where the rent and term are fixed for the renewal, in the absence of any provision of agreement specifying the manner of exercising the option of renewal by the tenant, any conduct of the tenant which reasonably apprizes the landlord of the tenant's desire to enjoy the additional term should be regarded as fully satisfying the option to renew. *Hurley-Tobin Co.* v. *White,* 84 *N. J. Eq.* 60; 94 *Atl. Rep.* 52. An election to accept an option for an additional term was said by our Court of Errors and Appeals to be indicated by the tenant as continuing in possession and paying the rent. *Batura* v. *McBride,* 75 *N. J. L.* 480; 68 *Atl. Rep.* 113. And in *Mershon* v. *Williams,* 62 *N. J. L.* 779; 42 *Atl. Rep.* 778, it was said:

"If no notice is stipulated for, the tenant's mere continuance in possession and paying rent, though with no express notice of his desire for the future term, entitles and binds him thereto."

Plaintiff in her brief relies upon the cases of *City Coal Co.* v. *Marcus,* 95 *Conn.* 454; 111 *Atl. Rep.* 857; *Warthen* v. *Lamas (Municipal Court of Appeals of the District of Columbia),* 43 *Atl. Rep.* (2d) 759, and *Andrews* v. *Marshall Creamery Co.,* 118 *Iowa* 595; 92 *N. W. Rep.* 706.

*City Coal Co.* v. *Marcus, supra,* is not in point. There the court sustained the contention of the tenant that by the terms of the lease he was entitled to an extension.

*Warthen* v. *Lamas, supra,* and *Andrews* v. *Marshall Creamery Co., supra,* turned upon statutes which provided that a tenant holding over and paying rent should be deemed to be holding by sufferance or at will.

In the present case there was no rent fixed for the renewal. The lease provided that it may be renewed for an additional two years "at a rental that is agreeable to both the party of the first part and the party of the second part."

In *Decker* v. *Adams,* 12 *N. J. L.* 99, 100, Chief Justice Ewing said:

"As a general rule, where the term is for a fixed period of time, and the period has expired, the tenancy is determined, and the landlord may immediately maintain an ejectment to recover the possession.

"When the tenant, whose term has expired by efflux of time, instead of quitting the premises, as he ought to do, remains in possession, holding over as it is called, he is a wrongdoer, and may be treated as such by the owner, his landlord. By the consent of his landlord his tenancy may be continued, and if such continuance by consent be without any fixed limit, he becomes a tenant from year to year, as it is called. This consent may be either *express or implied;* actual or constructive; by words or by some act recognizing or treating him as a tenant. But without a new contract, *or some act on the part of the landlord from which a renewal of the contract may be implied,* the person in possession continues a wrong-doer, * * *." (Italics supplied.)

The act of 1941, *R. S.* 46:8–10; *N. J. S. A.* 46:8–10, which modified the common law, as declared in *Decker* v. *Adams, supra,* and limited a hold over tenancy to one from month to month is not applicable to the present case, as here the parties had an "agreement to the contrary."

Therefore, the question in any particular case will be, "What is the evidence of the landlord's consent?" Usually it is the fact of holding over coupled with the unconditional acceptance of rent. *Leonard* v. *Spicer Manufacturing Co.,* 103 *N. J. L.* 391; 139 *Atl. Rep.* 15.

It is my opinion that when the tenancy expired on May 31st, 1946, it was the right of the landlord, if the rent for the renewal was not agreeable to her, to the possession of the property, and upon the failure of the tenant to surrender the same she could regard him as a trespasser and assert rights against him as such. On the other hand, she could waive the holding over and renew the tenancy either by formal language to that effect or upon acts effecting the same result. By acceptance of the rent without objection the landlord assumed the valid holding of the tenant and extended the tenancy under the renewal provision of the lease. An agreement may be express or by implication. *Dragun* v. *Connolly,* 2 *N. J. Mis. R.* 727; 125 *Atl. Rep.* 575. In the present case it appears that an agreement to renew or extend the lease was implied from the payment of rent on the one side and acceptance by the other. The plaintiff's conduct in accepting the rent without objection was indicative that the rent was agreeable to her. It was obviously agreeable to the defendant. The continued occupancy after the expiration of the original lease, without objection by the landlord in receiving the rent from the tenant, may be deemed to be a renewal or extension of the lease. See *Cain* v. *Lawrence Drug Co.,* 235 *Ky.* 12; 29 *S. W. Rep.* (*2d*) 550; *Mansour* v. *Hyman Winegarden Realty Corp.,* 314 *Mich.* 262; 22 *N. W. Rep.* (*2d*) 366; also annotation in 166 *A. L. R.* 1237.

Plaintiff, at the hearing of the motion, contended that if the defendant desired to exercise his option he should have given the plaintiff some form of notice. However, while the option is for the benefit of the leasee, the notice is for the benefit of the lessor and may by her be waived. *Straus* v. *Robbins,* 4 *N. J. Mis. R.* 631; 133 *Atl. Rep.* 868.

The second defense is proper and the answer does comply with Supreme Court rule 185. *East Rutherford* v. *Sterling Paper, &c., Co.,* 21 *N. J. Mis. R.* 232, 234; 32 *Atl. Rep.* (*2d*) 855.

For the foregoing reasons the answer and second defense are allowed to stand. The first defense will be struck.