**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1940-23

BASELINE ASSOCIATES, INC.,

    Plaintiff-Appellant,

v.

DAVID E. KONIGSBERG, M.D.,

    Defendant-Respondent.

_____

> Argued September 18, 2024 – Decided October 31, 2024
>
> Before Judges Rose and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5660-23.
>
> Randal W. Habeeb argued the cause for appellant (Pless & Habeeb, LLP, attorneys; Randal W. Habeeb, on the briefs).
>
> Mitchell J. Horner argued the cause for respondent (Greenbaum, Rowe, Smith & Davis, LLP, attorneys; Darren C. Barreiro, of counsel and on the brief; Mitchell J. Horner, on the brief).

PER CURIAM

Plaintiff Baseline Associates, Inc. appeals from the Law Division's February 2, 2024 order granting summary judgment to defendant David E. Konigsberg, M.D. and dismissing plaintiff's complaint. We affirm.

In November 2010, plaintiff leased commercial office space to defendant pursuant to the terms of the parties' lease agreement. The lease term was five years with the option of two five-year extensions. To exercise the extension option, defendant was required to give plaintiff written notice by certified mail, return receipt requested, between six and twelve months prior to the expiration of the original lease term. Upon extension, the monthly rent would increase three percent each year for the term of the extension. The lease further provided:

> If [defendant] fails or omits to give to [plaintiff] the written notice . . . , it shall be deemed, without further notice and without further agreement between the parties hereto that [defendant] elected not to exercise the option granted [defendant] . . . to extend the [t]erm of this [l]ease for said additional period. Time is of the essence for such notification.

Defendant did not provide plaintiff written notice to extend the lease prior to the expiration of the initial lease term in 2015, but nevertheless paid the increased rent each year and remained in the premises. Five years later in 2020, defendant again did not provide written notice but remained in the premises and paid the increased rent.

A-1940-23

In November 2022, seven years after the expiration of the initial lease term, defendant sent plaintiff an email indicating he was "considering a move" from the office space because he had "simply outgrown it." Plaintiff's responding email stated the extended lease would terminate in November 2025, and defendant's early vacating of the premises would constitute a breach of the lease. Upon oral notice to plaintiff, defendant vacated the premises at the end of October 2023.

Plaintiff's five-count complaint alleged breach of contract and guaranty, unjust enrichment, account stated, book account and breach of good faith and fair dealing. Defendant moved for summary judgment in lieu of an answer. After hearing arguments of counsel, the court granted defendant's motion and dismissed plaintiff's complaint without prejudice.

In an oral decision, the court found defendant was in a month-to-month tenancy by operation of law after the lease agreement expired in 2015, because he did not provide plaintiff the requisite written notice prior to the expiration of the initial lease term. Although defendant paid increased rent throughout the holdover term, the court found the payment alone did not constitute an exercise of the option to extend the lease.

A-1940-23

On appeal, plaintiff argues there were issues of material fact that should have precluded summary judgment and permitted the parties to conduct discovery as to their intentions. We disagree.

We review the trial court's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022); Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 655 (2022); Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). In doing so, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The trial court's interpretation of a contract is also reviewed de novo. Serico v. Rothberg, 234 N.J. 168, 178 (2018); Kieffer v. Best Buy, 205 N.J. 213, 222 (2011).

Upon the expiration of a written lease agreement, the landlord-tenant relationship continues with payment of rent by the tenant and acceptance by the landlord, thereby establishing a month-to-month tenancy. N.J.S.A. 46:8-10. "[A] month-to-month tenant has the right to continue in possession indefinitely in the absence of a notice to quit which is a prerequisite to the termination of the

tenancy."  Skyline Gardens, Inc. v. McGarry, 22 N.J. Super. 193, 196 (App. Div. 1952).

Here, it is undisputed defendant did not exercise his option to extend the lease by providing plaintiff written notice of his intent to do so, by certified mail, return receipt requested, between six and twelve months prior to the expiration of the initial five-year term.  It is further undisputed plaintiff accepted defendant's monthly rent payments throughout the tenancy.

Although the issue of waiver was not squarely addressed by the trial court, we recognize "the notice requirement for renewal of the lease is for the benefit of the lessor and thus can be waived or extended by the lessor."  Sosanie v. Pernetti Holding Corp., 115 N.J. Super. 409, 413 (Ch. Div. 1971) (citations omitted).  Plaintiff contends there was an issue of fact as to whether the actions of the parties constituted a waiver of the formal notice requirements in the lease and therefore he was entitled to discovery on that issue.

Sosanie and the other cases cited by plaintiff[1] involve actions where the lessee failed to provide requisite notice to exercise an option to extend but nevertheless intended to extend the lease, and plaintiff thereafter sought

---

[1] Dries v. Trenton Oil Co., Inc., 17 N.J. Super. 591 (App. Div. 1952); Wallworth v. Johnson, 25 N.J. Misc. 449 (Sup. Ct. 1947).

A-1940-23

ejectment. As a matter of equity, the courts in those cases found the parties' conduct constituted a waiver of the written notice requirement, which inured to the lessee's benefit. That is not the case here, where plaintiff seeks damages through enforcement of an option not exercised by defendant.

Here, defendant paid increased rent. He made no verbal assurances and did not take any actions in furtherance of extending the lease, nor did he make any representations to plaintiff that he intended to do so. There were no genuine issues of fact regarding the parties' conduct that could establish the "special circumstances . . . to enforce the exercise of the renewal option" against defendant. Sosanie, 115 N.J. Super. at 416.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1940-23